UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cr-00017-JPH-CMM |
| | ) | |
| ELVIS C. MEDRANO, | ) | -03 |
| | ) | |
| Defendant. | ) | |

**ORDER**

The government has filed a motion to supplement the record on appeal, arguing that supplementing the record with two exhibits that were before the district court at trial will aid the resolution of the pending appeal. Dkt. 405.

"Rule 10(e) allows for correction or modification of the record if any difference arises about whether the record truly discloses what occurred in the district court." *United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005). "This rule is meant to ensure that the record reflects what really happened in the district court, but not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment." *Id.* Here, the government sought to admit the exhibits at trial, Defendant objected, and the Court ruled on their admissibility.[1] They are thus among the matters before the Court and are relevant to matters on appeal. *See Gallo v. Mayo Clinic*

---

[1] The government states in its motion that the exhibits were "admitted at trial," dkt. 405 at 3. At trial, however, the Court admitted exhibit 163-I and sustained Defendant's objection to exhibit 163-H. Tr. Vol. 3 at 634–40.

*Health System-Franciscan Med. Cntr., Inc.*, 907 F.3d 961, 965 (7th Cir. 2018); *Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 216–17 (7th Cir. 1992).

Therefore, the motion to supplement the record is **GRANTED**, dkt. [405]. **The Clerk SHALL SUPPLEMENT** the record with the exhibits at dkt. 405-1 and transmit them, with a copy of this order, to the Court of Appeals.

**SO ORDERED.**

Date: 8/22/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel